UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JIMINIAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-01835-JLT-EPG<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>(ECF No. 2). |

　　　　Plaintiff Angel Jimenez filed this civil case against the United States Department of Education and other Defendants on December 12, 2025. (ECF No. 1). With the complaint, Plaintiff submitted a "short form" application to proceed *in forma pauperis* (IFP), which is signed under penalty of perjury. (ECF No. 2). Among other things, this IFP application indicates that Plaintiff has no wages, receives no money from any other source, has no money in any accounts, has no assets, and has no expenses. (*Id.* at 1-2).

　　　　However, under the portion of the form asking Plaintiff to list "[a]ny debts or financial obligations," Plaintiff states as follows:

> I am willing an[d] able to pay the filing fee upon issuance of the order to pay or more fully complete these forms. Please proceed at once and issue filing number as time is of the essence for obvious reasons. Thank you in advance for allowing me to pay the filing fee in full upon review of this or issuance of the order or for waiver.

(*Id.* at 2).

1

While unclear, it thus appears that Plaintiff has the ability to pay the filing fee, despite stating in the short form application that she has no available funds.

Upon consideration, the Court will direct Plaintiff to pay the filing fee or file a long form IFP application—*i.e.*, a form that provides more information about Plaintiff's finances.

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). And under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

With these standards in mind, the Court will require that Plaintiff either pay the filing fee or submit a long form IFP application more fully explaining her financial resources and ability to pay.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall send Plaintiff a long form IFP application (AO 239).
2. Within thirty (30) days of the date of service of this order, Plaintiff shall pay the $405.00 filing fee for this action, or in the alternative, submit the attached IFP application, completed and signed under penalty of perjury.

\\\
\\\
\\\
\\\

3. No requests for extension will be granted without a showing of good cause. <u>Failure to comply with this order may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated: __**December 22, 2025**__                /s/ _Erica P. Grosjean_
                                                                      UNITED STATES MAGISTRATE JUDGE

3