UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JIMINIAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.<br><br>Defendants. | Case No. 1:25-cv-01835-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION BE DENIED AND (2) THIS ACTION BE DISMISSED FOR FAILURE TO PAY THE FILING FEE, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Angel Jimenez filed this civil case against the United States Department of Education and other Defendants on December 12, 2025. (ECF No. 1). For the following reasons, the Court recommends denying Plaintiff's motion to proceed *in forma pauperis* and dismissing this case without prejudice for Plaintiff's failure to pay the filing fee, failure to prosecute, and failure to comply with a court order.

## I.    BACKGROUND

On December 15, 2025, along with Plaintiff's complaint, Plaintiff submitted a "short form" application to proceed *in forma pauperis* (IFP), which is signed under penalty of perjury. (ECF No. 2). Part of this IFP application states that Plaintiff has no wages, receives no money

1

from any other source, has no money in any accounts, has no assets, and has no expenses. (*Id.* at 1-2).

However, under the portion of the form asking Plaintiff to list "[a]ny debts or financial obligations," Plaintiff states as follows:

> I am willing an[d] able to pay the filing fee upon issuance of the order to pay or more fully complete these forms. Please proceed at once and issue filing number as time is of the essence for obvious reasons. Thank you in advance for allowing me to pay the filing fee in full upon review of this or issuance of the order or for waiver.

(*Id.* at 2).

Because it appeared that Plaintiff could pay the filing fee, the Court issued an order on December 22, 2025, directing Plaintiff to pay the filing fee or file a long form IFP application—*i.e.*, a form that provides more information about Plaintiff's finances—within thirty days. (ECF No. 3). Further, the Court warned Plaintiff that "[f]ailure to comply with this order may result in dismissal of this action." (*Id.* at 3).

However, more than thirty days have passed, and Plaintiff has failed to pay the filing fee, file a long form IFP application, or otherwise respond to the Court's order.

## II.    DISCUSSION

Because Plaintiff's short form application indicates that Plaintiff can pay the filing fee, the Court will recommend that Plaintiff's IFP application be denied. (ECF No. 2, at p. 2) ("I am willing and able to pay the filing fee pon issuance of the order to pay or more fully complete these forms.").

Additionally, given Plaintiff's failure to pay the filing fee or respond to the Court's order, the Court will recommend dismissal based on Plaintiff's failure to pay the filing fee, failure to prosecute this case, and failure to comply with a court order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to the Court's order to pay the filing fee or file a long form IFP application. (ECF No. 3). Moreover, Plaintiff has filed nothing since the short form application on December 15, 2025. Plaintiff's failures are delaying the case and interfering with docket management, as the case cannot progress without the filing fee being paid or Plaintiff being permitted to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with court orders that is causing delay. As noted above, despite indicating a willingness to pay the filing fee and proceed with this case, Plaintiff has failed to pay the filing fee, or file a long form IFP application. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

3

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's IFP application be denied. (ECF No. 2).

2. This action be dismissed, without prejudice, based on Plaintiff's failure to pay the filing fee, failure to prosecute this case, and failure to comply with a court order.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 5, 2026**           /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE